UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ERIN FULLER,

                          Plaintiff,

         -against-

ADVANCED RECOVERY, INC.,

                         Defendant.
-------------------------------------------------------------------x

15-CV-5065 (CS)

**OPINION AND ORDER**

Appearances:

Stephen Bergstein
Bergstein & Ullrich, LLP
New Paltz, New York
*Counsel for Plaintiff*

James J. Herkenham
Attorney at Law
Port Jervis, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court is the Motion for Summary Judgment of Plaintiff Erin Fuller. (Doc. 32.) For the following reasons, Plaintiff's motion is GRANTED to the extent set forth below.

## I.    BACKGROUND

      The following facts are taken from the Plaintiff's Local Civil Rule 56.1 Statement and supporting materials and are undisputed.[1]

---

[1] Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York imposes a burden on the party opposing a motion for summary judgment to submit a counter-statement controverting the moving party's statement of material facts, indicating which facts are in dispute that would require a trial. Local Rule 56.1(b). Under the Local Rule, "[i]f the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) (citing Local Rule 56 .1(c)). Thus, "[w]here the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts." *D'Nelson v. Costco Wholesale Corp.*, No. 03-CV-219, 2006 WL 767866, at *3 (E.D.N.Y. Mar. 24, 2006) (collecting cases). Because Defendant failed to file a

A.   **Facts**

In October 2010, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("SDHR"), alleging that Defendant terminated her employment because of her gender.  (P's 56.1 Stmt. ¶ 1; Doc. 36 ("Bergstein Affirm.") Ex. 1.)[2]  In September 2012, the SDHR found probable cause that Defendant discriminated against Plaintiff based on sex, (P's 56.1 Stmt. ¶ 3; Bergstein Affirm. Ex. 3 at 1), and in August 2013, the SDHR found probable cause that Defendant discriminated against Plaintiff based on sex and disability, (Bergstein Affirm. Ex. 4 at 1).

The SDHR held a public hearing on this matter on two days in December 2013 and one day in February 2014.  (P's 56.1 Stmt. ¶ 5; Bergstein Affirm. Ex. 9 at 6[3].)  During the hearing, the parties disputed whether the SDHR should have required one of the witnesses, James Fuller (Plaintiff's brother), to testify in person.  (P's 56.1 Stmt. ¶ 6.)  The administrative law judge ("ALJ") allowed James Fuller to testify over the phone.  (*Id.*)  Before the close of the hearing, Defendant filed an Order to Show Cause in Orange County Supreme Court asking the judge to order James Fuller to testify in person and bring with him certain records that Defendant had subpoenaed.  (*Id.*; Bergstein Affirm. Ex. 5.)  Plaintiff opposed the Order to Show Cause.  (P's 56.1 Stmt. ¶ 6; Bergstein Affirm. Ex. 6.)  On March 3, 2014, the Orange County Supreme Court denied the relief sought in the Order to Show Cause, ruling that the SDHR vests ALJs with

---

56.1 counter-statement, I may consider the facts in Plaintiff's 56.1 Statement, (Doc. 35 ("P's 56.1 Stmt.")), undisputed.

[2] In describing the basis of discrimination she faced in her employment, Plaintiff uses the term "gender" in her 56.1 Statement, (P's 56.1 Stmt. ¶ 1), and in her complaint to the NYSDHR, (Bergstein Affirm. Ex. 1 ¶ 10).  The first page of the NYSDHR complaint, however, provides options for complainants to indicate the basis upon which the complainant alleges he or she was discriminated, and Plaintiff selected the option labeled "Sex."  (*Id.* at 1.)  This order assumes Plaintiff to be using "gender" and "sex" interchangeably.

[3] Citations to Exhibit 9 of the Bergstein Affirmation refer to the Court's electronic case filing system page number stamped at the top of each page.

discretion to allow witnesses to testify over the phone and that Defendant's counsel had a full opportunity to cross examine James Fuller. (P's 56.1 Stmt. ¶ 7; Bergstein Affirm. Ex. 7.)

In February 2015, the ALJ to whom the matter had been reassigned ruled that Defendant discriminated against Plaintiff because of her sex and disability.[4] (P's 56.1 Stmt. ¶ 8; Bergstein Affirm. Ex. 9 at 18-19.) After the parties had the opportunity to object to the ALJ's recommended order, the SDHR Commissioner in April 2015 adopted the finding that Defendant discriminated against Plaintiff. (P's 56.1 Stmt. ¶ 9; Bergstein Affirm. Ex. 10.) The Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue letter in connection with Plaintiff's charge (which was deemed to be dual-filed with the SDHR and the EEOC) in May 2015. (P's 56.1 Stmt. ¶ 10; Bergstein Affirm. Ex. 11.)

B.     **Procedural History**

After the EEOC issued the Right to Sue letter in May 2015, Plaintiff timely filed the instant action seeking to recover, as a "prevailing party" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), and the Americans with Disabilities Act, 42 U.S.C. § 12205, the attorneys' fees and costs expended in the state court and SDHR proceedings. (Doc. 1).[5] While Defendant appealed the SDHR's determination to the Appellate Division of the New York Supreme Court, Plaintiff filed a motion for summary judgment in this case. (Doc. 18.) This Court denied the motion without prejudice to renewal following the Appellate Division's decision. (Doc. 26.)

---

[4] Plaintiff had not raised retaliation in her SDHR complaint but sought at the hearing to amend her claim to include that allegation. The ALJ denied the application, finding the claim to be time-barred. (Bergstein Affirm. Ex. 9 at 15.)

[5] The DHR lacks authority to award attorneys' fees. *See Ballard v. HSBC Bank USA, N.A.*, 827 F. Supp. 2d 187, 191 (W.D.N.Y. 2011).

On June 8, 2018, Plaintiff's counsel informed the Court by letter that the Appellate Division had upheld the SDHR's determination and that Plaintiff's summary judgment motion was now ripe for review. (Doc. 28.) Plaintiff requested the opportunity to supplement her papers to cover the time spent on the appeal, so the Court set a new briefing scheduling. (Docs. 29-30.) On June 14, 2018, Plaintiff filed her motion for summary judgment, (Doc. 32); the Affirmation of her attorney, Stephen Bergstein, (Doc. 31 ("Bergstein Suppl. Affirm.")); the Affirmation of Helen G. Ullrich, (Doc. 33 ("Ullrich Affirm.")); a memorandum of law in support of her motion, (P's Mem.); and her Rule 56.1 Statement, (P's 56.1 Stmt.). The next day, Plaintiff filed another affirmation from Mr. Bergstein. (Bergstein Affirm.) On July 12, 2018, Defendant's counsel filed a letter to the Court that included a request to opt out from mandatory electronic filing, (Doc. 37 at 1); the Affirmation of Defendant's counsel, James J. Herkenham, (*id.* at 2-7 ("Herkenham Affirm.")); and an exhibit, which is a news article, (*id.* at 8-11). On July 17, 2018, Plaintiff filed a reply memorandum of law, (Doc. 38); and the Supplemental Affirmation of her counsel, (Doc. 39 ("Bergstein Reply Affirm.")).

## II. DISCUSSION

### A. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be

4

counted." *Id.* On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Where an affidavit is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed

5

for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3).

### B. <u>Attorneys' Fees</u>

Plaintiff, as the fee applicant, "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," *Nautilus Neurosciences, Inc. v. Fares*, No. 13-CV-1078, 2014 WL 1492481, at *1 (S.D.N.Y. Apr. 16, 2014) (internal quotation marks omitted), and must support its motion with "contemporaneous time records that '[specify], for each attorney, the date, the hours expended, and the nature of the work done,'" *Bhungalia Family, LLC v. Agarwal*, 317 F. Supp. 3d 727, 739 (S.D.N.Y. 2018) (alteration in original) (quoting *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014)).

The Court "retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (alteration in original) (internal quotation marks omitted). The Supreme Court and Second Circuit have held that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). In assessing the reasonableness of attorneys' fees, the Court must: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Creighton v. Dominican Coll.*, No. 09-CV-3983, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011). "The reasonable hourly rate is the rate a

6

paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. "[T]here is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (alteration in original) (internal quotation marks omitted).

Plaintiff represents that she incurred a total of $106,287.87 in fees:

| Description | Hours | Hourly Rate | Fees | Source |
|---|---|---|---|---|
| Attorneys' fees to prosecute case in SDHR, Orange County Supreme Court, and SDNY | 204.80[6] | $400.00 | $81,920.00 | Bergstein Affirm. Ex. 13. Bergstein Reply Affirm. ¶ 2. |
| Attorneys' fees to handle appeal in Appellate Division | 42.63 | $400.00 | $17,052.00 | Bergstein Suppl. Affirm. Ex. 2 |
| Paralegals | 51.15 | $100.00 | $5,115.00 | Bergstein Affirm. Ex. 13. |
| Costs | | | $2,200.87 | Bergstein Affirm. Ex. 14. |
| Total | | | $106,287.87 | |

1. Reasonable Hourly Rate

A reasonable hourly rate must be in line with the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks omitted); *see Rosado v. City of N.Y.*, No. 11-CV-4285, 2012 WL 955510, at *4

---

[6] Plaintiff alleges that Mr. Bergstein and Ms. Ullrich expended 199.30 hours prosecuting her case. (Bergstein Affirm. Ex. 13.) In a reply affirmation, Mr. Bergstein explained, "I expended 5.5 hours responding to Defendants' arguments in opposition to this motion. These hours were all expended on July 16, 2018." (Bergstein Reply Affirm. ¶ 2.) Although Mr. Bergstein's reply affirmation is not a contemporaneous time record, I find Mr. Bergstein's reply affirmation sufficient to allow the Court to determine whether the fee is reasonable because he "specif[ied] relevant dates, time spent, and work done." *Creighton*, 2011 WL 4914724, at *6.

(S.D.N.Y. Mar. 15, 2012) ("The relevant community to which the court should look is the district in which the case was brought.") (internal quotation marks omitted). "The court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district and on evidence proffered by the parties." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (internal quotation marks omitted).

Here, Mr. Bergstein and Ms. Ullrich each charge clients $400 per hour for their time and $100 per hour for paralegals. Defendant does not dispute that those hourly rates are reasonable, (Herkenham Affirm. ¶ 3), and I find that they are. Plaintiff supported her motion with the admission dates and experience of the attorneys who worked on the case. (Bergstein Affirm. Ex. 12; Ullrich Affirm.) The documents submitted by Plaintiff's attorneys represent, and the case law confirms, that the rates Plaintiff's counsel charged are at or below the rates charged for similar services by lawyers and paralegals in this district with reasonably comparable experience, skill and reputation. *See, e.g.*, *Balu v. City of N.Y.*, No. 12-CV-1071, 2016 WL 884666, at *4 (S.D.N.Y. Mar. 8, 2016) (awarding $450 hourly rate to experienced and successful civil rights litigator); *Charles v. City of N.Y.*, No. 13-CV-3547, 2014 WL 4384155, at *3-4 (S.D.N.Y. Sept. 4, 2014) (awarding $450 hourly rate in civil rights action to attorney with 24 years of experience); *Spencer v. City of N.Y.,* No. 06-CV-2852, 2013 WL 6008240, at *4-5 (S.D.N.Y. Nov. 13, 2013) (awarding $400 hourly rate in civil rights action to attorneys with 10 and 20 years of experience, respectively, finding rate to be "in line with the hourly rates set for attorneys with similar experience and backgrounds in this forum") (collecting cases); *Greene v. City of N.Y.*, No. 12-CV-6427, 2013 WL 5797121, at *4 (S.D.N.Y. Oct. 25, 2013) (concluding that "the rate of $375 per hour is on par with rates charged by seasoned civil rights solo practitioners with

comparable experience" for attorney with nearly 20 years of experience); *Tatum v. City of N.Y.*, No. 06-CV-4290, 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010) (noting that case law supported $125 per hour for paralegal work in civil rights litigation). The Court, therefore, considers the rates charged by Plaintiff's counsel reasonable.

### 2. Hours Reasonably Expended

"The party seeking attorneys' fees bears the burden of demonstrating that the claimed . . . number of hours [is] reasonable," and the "amount of time expended must be adequately supported by contemporaneous time records that specify relevant dates, time spent, and work done." *Creighton*, 2011 WL 4914724, at *6 (alterations in original) (internal quotation marks omitted). "Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "In so doing, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation marks omitted). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Cesario v. BNI Constr., Inc.*, No. 07-CV-8545, 2008 WL 5210209, at *7 (S.D.N.Y. Dec. 15, 2008) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)), *report and recommendation adopted*, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009).

Defendant's opposition focuses largely on irrelevant factors, such as counsel's disapproval of SDHR's administrative scheme; the amount his clients paid him; his view that the ALJ was biased and incompetent; and his opinion that the LGBTQ community was disappointed

9

that the Appellate Division affirmed the SDHR decision without writing a precedential decision on transgender rights. (*See* Herkenham Affirm. ¶¶ 4-8, 11-12.) These comments are almost entirely inappropriate as well as being beside the point.

The only substantive point Defendant's counsel makes is that it was not necessary for Plaintiff to have two experienced lawyers for the SDHR hearing. (*See id.*) I agree. While two (or more) lawyers may sometimes be appropriate in a complex case, *see Simmonds v. N.Y.C. Dep't of Corr.*, No. 06-CV-5298, 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) ("The use of multiple attorneys . . . is not unreasonable *per se*.") (alteration in original) (internal quotation marks omitted); *Danaher Corp. v. Travelers Indem. Co.*, No. 10-CV-121, 2015 WL 1647435, at *5 (S.D.N.Y. Apr. 14, 2015) (bills from over four different attorneys plus support staff were reasonable in light of the complexity of the case); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (it was not unreasonable for multiple attorneys to participate in "the most critical points in the litigation"), this was a short hearing (three days, only two of which were consecutive and only one of which was a full day, (*see* Bergstein Affirm. Ex. 13 at 2-3)), and while it may have been legally complex and factually challenging, it was not factually complex. The issue was simply whether Plaintiff had been fired because she is transgender or because of misfeasance on the job. An experienced civil rights litigator should be able to handle such a hearing alone. *See Martinez v. Thompson*, No. 04-CV-440, 2008 WL 5157395, at *16 (N.D.N.Y. Dec. 8, 2008) ("I find nothing in the record now before me to justify [two experienced attorneys billing at high rates] in this case, and conclude that absent unusual circumstances not now presented, a reasonable paying client would not generally be willing to readily compensate for such an extravagance.").

Plaintiff argues that because there is no discovery in advance of SDHR hearings, "[a] second attorney at the hearing is essential because the lawyers have to formulate strategy on-the-spot and during breaks in the proceeding," and that "[i]n that atmosphere, two heads are always better than one." (P's Reply at 1.) But two heads are better than one in almost any atmosphere, and strategic calls and on-the-spot decisions are the stuff of any trial. Indeed, the absence of discovery in SDHR cases, and thus the absence of the need to be familiar with documents or prior statements of witnesses, would – if anything – make SDHR trials simpler than court trials. Based on the information provided, including Plaintiff's post-hearing submission, (Bergstein Affirm. Ex. 8), and the ALJ's decision, (*id.* Ex. 9), the Court finds two attorneys for what was essentially a simple exercise in fact development to be unreasonable, and thus will include in its calculation only Mr. Bergstein's time for the SDHR hearing. I accordingly deduct the 41.35 hours Ms. Ullrich expended preparing Plaintiff for the hearing and traveling to and attending it. (*See id.* Ex. 13.) The remaining hours are reasonable given the magnitude of the tasks, and there is no duplicative work apart from the hearing.

        3.      <u>Presumptively Reasonable Fee</u>

By multiplying the reasonable hourly rates by the number of hours reasonably expended, the presumptively reasonable attorneys' fee is $82,432.00 in attorneys' fees and $5,115.00 for paralegal services.

        4.      <u>Reasonable Adjusted Award</u>

The Court considers "whether an upward or downward adjustment of the fee is warranted based on factors such as the extent of the plaintiff[']s success in the litigation." *Robinson v. City of N.Y.*, No. 05-CV-9545, 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009). In awarding fees, "'the most critical factor is the degree of success obtained.'" *Patterson v. Balsamico*, 440 F.3d

104, 123 (2d Cir. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). When a plaintiff has obtained only partial success, the Court may "'attempt to identify specific hours that should be eliminated, or it may simply reduce the [requested] award to account for the limited success.'" *Creighton*, 2011 WL 4914724, at *8 (alteration in original) (quoting *Abrahamson v. Bd. of Educ. of Wappinger Falls Cent. Sch. Dist.*, 374 F.3d 66, 79 (2d Cir. 2004)).

Defendants do not dispute that Plaintiff won in this case, but argue that she only won "in a somewhat more relaxed and informal setting than [f]ederal [c]ourt; demanding much less preparation than either a jury or a bench trial in either [f]ederal or New York State Court." (Herkenham Affirm. ¶ 13.) Defendants also argue that the lodestar is too high "given the claimed damages[] can only be described as modest." (*Id.* ¶ 9.) I disagree with the Defendant's assessment. Plaintiff achieved a complete success on the merits in the SDHR and I see no reason or controlling precedent supporting Defendant's argument. The SDHR awarded Plaintiff $30,000 in pain and suffering and $14,560 in lost wages, in addition to fining the Defendant $20,000 for violating the Human Rights Law. (Bergstein Affirm. Ex. 9 at 25-26.) Defendant's counsel's resort to labeling the ALJ "biased, and basically incompetent," (Herkenham Affirm. ¶ 8), is not only unprofessional and unwarranted but unsubstantiated and unavailing. Accordingly, given the successful outcomes obtained by Plaintiff in this hard-fought case, the Court sees no reason to reduce the presumptively reasonable fee. *See Star Ins. Co. v. A&J Constr. of N.Y., Inc.*, No. 15-CV-8798, 2018 WL 6177857, at *6 (S.D.N.Y. Nov. 26, 2018).

### C. **Attorneys' Costs**

Plaintiff also seeks costs incurred by its attorneys in litigation. Based on the itemized list of costs submitted in its moving papers, Plaintiff's attorneys' costs total $2,200.87. (Bergstein Affirm. Ex. 14.) Plaintiff can recover "reasonable out-of-pocket expenses incurred by attorneys

and ordinarily charged to their clients." *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989).

Plaintiff's attorney costs for travel, photocopying, mail, court fees, and transcripts are reasonable. *See Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 483 F. App'x 599, 605 (2d Cir. 2012) (summary order) (postage, electronic legal research and photocopying costs were "the sort of expenses that may ordinarily be recovered as part of a fee award"); *Bhungalia*, 317 F. Supp. 3d at 745 ("Costs for shipping, filing fees, process servers, and litigation support are recoverable."); *Themis Capital v. Democratic Republic of Congo*, No. 09-CV-1652, 2014 WL 4379100, at *12 (S.D.N.Y. Sept. 4, 2014) (reimbursing plaintiffs for "making copies[] and ordering transcripts"); *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 305 (S.D.N.Y. 2001) (ordering reimbursement to plaintiff for filing fees and Federal Express costs).

Accordingly, the Court grants an award of $89,747.87 in total for attorneys' fees and costs, representing $82,432.00 in attorneys' fees, $5,115.00 for paralegal services, and $2,200.87 in costs.

### III. CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment, (Doc. 32), is GRANTED to the extent that Plaintiff is entitled to fees and costs totaling $89,747.87. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 32), enter judgment for Plaintiff, and close the case.

**SO ORDERED.**

Dated: December 20, 2018
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.